UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT BRASWELL<br>943 Oak Street<br>Toledo, Ohio 43605<br>     Plaintiff<br><br>  vs.<br><br>HOMESITE INSURANCE COMPANY<br>OF THE MIDWEST<br>One Federal Street, Ste. 400<br>Boston, Massachusetts 02110<br><br>    Defendant | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

**PARTIES**

1. Plaintiff Robert Braswell ("Plaintiff") owned a house located at 943 Oak Street, Toledo, Ohio ("Subject Property") and at all material times was a resident of Toledo, Ohio.

2. Defendant Homesite Insurance Company of the Midwest ("Homesite") is an insurance company authorized to conduct business in the State of Ohio. Homesite is a Wisconsin corporation and has its principal place of business located in Boston, Massachusetts.

**JURISDICTION**

3. Plaintiff brings this action under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

**GENERAL ALLEGATIONS**

4. Homesite issued to plaintiff a homeowner's insurance policy insuring the Subject Property, policy number 33349845 with an effective coverage period of 8/25/15 to 8/25/16 ("the Policy"). A copy of the declarations page of the Policy is attached as Exhibit 1.

5.      The Policy insures the dwelling up to $328,000, personal property up to $229,600, and loss of use up to $98,400. These insurance limits were based on Homesite's recommendations and resulted in an annual premium in excess of $2,300.

6.      On March 16, 2016 plaintiff flew to Puerto Rico with several friends to celebrate his birthday. Plaintiff departed from Puerto Rico on March 21, 2016 and arrived at Detroit Metropolitan airport at about 9:30 p.m. on March 21, 2016 before returning to the Toledo area.

7.      During the early morning hours of March 21, 2016, a fire occurred at the Subject Property.

8.      Plaintiff promptly reported the fire to Homesite, which commenced its own investigation into the loss.

9.      Plaintiff fully cooperated with the claim investigation.

10.      Homesite denied the claim in February 2017. In denying the claim, Homesite, among others, accused plaintiff of arson and contended that plaintiff misrepresented that he lived at the Subject Property at the time of the fire.  A copy of the denial is attached as Exhibit 2.

11.      Plaintiff denies that he had anything to do with starting the fire. Also, he resided at the Subject Property at the time of the loss, contrary to Homesite's assertions. Plaintiff hired counsel to help with the claim, resulting in Exhibit 3.

12.      Homesite refused to change its coverage determination and persisted in denying plaintiff's claim.

**COUNT ONE**
**Breach of Contract**

13.      Plaintiff restates the above allegations.

14.      Plaintiff had a contract with Homesite on the day the loss occurred.

15.      At all times, Plaintiff fulfilled his duties under the contract.

16.     Homesite breached the insurance contract by failing to pay plaintiff the amount due under the insurance policy.

17.     As a direct and proximate result of Homesite's breach of the insurance contract, plaintiff has been denied the policy benefits due under the contract.  As a further direct and proximate result of Homesite's breach of the insurance contract, plaintiff has suffered other reasonably contemplated damages.

## COUNT TWO
### Lack of Good Faith

18.     Plaintiff restates the above allegations.

19.     Homesite, through its agents, attorneys, adjustors, and investigators, acted unreasonably, recklessly, and willfully in the handling of plaintiff's claim and in denying plaintiff's claim. Among other actions, Homesite:

    a.  Unreasonably accused plaintiff of arson without any credible evidence linking plaintiff to the fire;

    b.  Unreasonably concluded that plaintiff misrepresented that he was residing at the Subject Property at the time of the fire;

    c.  Unreasonably and deliberately misconstrued certain facts, including the information contained in the utility records for the Subject Property and plaintiff's examination under oath testimony ("EUO"), in order to support its decision to deny the claim;

    d.  Denied coverage for plaintiff's dwelling, loss of use, and personal property claims based on plaintiff's breach of the duty to cooperate because plaintiff was simply unable to provide receipts for his claimed personal property.

    e.  Refused to provide plaintiff with a copy of his recorded statement despite repeated requests;

    f.  Relied on plaintiff's examination under oath testimony to support its claim decision without giving plaintiff any meaningful opportunity to review his transcript and confirm whether the recorded testimony was complete and accurate.

20.     The actions and omissions of Homesite demonstrate malice, aggravated or egregious fraud, oppression, or insult and Homesite, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

21.     As a direct and proximate result of Homesite's lack of good faith, plaintiff suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

22.     Plaintiff prays for judgment on this count in an amount in excess of $25,000 in compensatory damages and an amount in excess of $25,000 in punitive damage, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

WHEREFORE, plaintiff prays for judgment against Homesite as set forth above and an award of damages in excess of $75,000, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

*/s/ Justin Rudin*
Justin Rudin (0087368)
RUTTER & RUSSIN, LLC
One Summit Office Park, Suite 650
4700 Rockside Road
Cleveland, Ohio 44131
(216) 642-1425
jrudin@OhioInsuranceLawyer.com

## JURY DEMAND

Plaintiff hereby requests, pursuant to Federal Rule of Civil Rule 38(b), a trial by jury of the issues of the within lawsuit.

/s/ Justin Rudin
JUSTIN RUDIN